IN THE SUPREME COURT OF THE STATE OF DELAWARE

PETER KOSTYSHYN, §
§
　Defendant Below, § No. 468, 2019
　Appellant, §
§ Court Below: Superior Court
　v. § of the State of Delaware
§
GOVERNOR HOUSE, INC. d/b/a § C.A. No. N19C-08-027
GOVERNOR HOUSE §
CONDOMINIUMS, §
§
　Plaintiff Below, §
　Appellee. §

Submitted: November 26, 2019
Decided: December 11, 2019

**O R D E R**

(1) On November 12, 2019, the appellant filed a notice of appeal in a mortgage foreclosure action. The notice of appeal did not identify an order from which the appeal was taken, and the Superior Court docket did not reflect that the court had issued any final judgment in the case. Indeed, it appears that the case currently remains in very early stages.

(2) On November 13, 2019, the Clerk issued a notice, by certified mail, directing the appellant to show cause why the Court should not dismiss the appeal (i) because the Superior Court has not entered any appealable order and the appeal is interlocutory; and (ii) for the appellant's failure to pay the filing fee, as required by Supreme Court Rule 20 and this Court's order dated June 9, 2015, in *Kostyshyn*

*v. State*, No. 160, 2015.[1]

(3)     The appellant is incarcerated in the Howard R. Young Correctional Institution.  On November 18, 2019, the Court received the certified mail receipt indicating that the notice to show cause had been delivered on November 15, 2019. On November 25, 2019, the postal service returned the notice to show cause to the Court; the envelope was marked "return to sender" and indicated that the appellant had refused to accept the mail.  The Superior Court docket reflects that the appellant is also refusing to accept mail from that court and opposing counsel.

(4)     The appellant having failed to respond to the notice to show cause within the required ten-day period, dismissal of this action is deemed to be unopposed.

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rules 3(b) and 29(b), that the appeal is DISMISSED.

BY THE COURT:

/s/  James T. Vaughn, Jr.
Justice

---

[1] *See Kostyshyn v. State* 2015 WL 3647273 (Del. June 9, 2015) ("[A]s we previously held in a prior appeal, Kostyshyn 'has far exceeded his "three strikes"' under the *in forma pauperis* statute. Kostyshyn has filed countless frivolous complaints, petitions, appeals, and writs in both the state and federal courts.  He has lost the privilege to file *in forma pauperis,* except as allowed under Section 8804(f).  Thus, in future, Kostyshyn may not file a civil appeal or writ in this Court without the accompanying filing fee, unless the Court deems the matter exempt under Section 8804(f), or else the matter will be dismissed." (citation omitted)).